**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID TEJEDA HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, OTAY MESA DETENTION CENTER,<br><br>Respondent. | Case No. 26-cv-3391-BAS-MSB<br><br>**ORDER:**<br>   **1. GRANTING AMENDED PETITION (ECF No. 9);**<br><br>   **2. DENYING MOTION TO BAR TRANSFER AS MOOT (ECF No. 2); AND**<br><br>   **3. DENYING MOTION TO EXPEDITE CONSIDERATION AS MOOT (ECF No. 3)** |

Petitioner filed an amended habeas petition pursuant to 28 U.S.C. § 2241 requesting a bond hearing within ten days. (ECF No. 9.) Petitioner also argues that, because Immigrations Judges' neutrality has been compromised, this Court could order outright release or hold a bond hearing in the district court. (*Id*.) The Government responded to the Petition, acknowledging that Petitioner appears to be a member of the *Maldonado* class and, therefore, the Government does not oppose an order from the Court directing a bond hearing be held before an Immigration Judge pursuant to 8 U.S.C. § 1226(a). (ECF No.

26cv3391

12.) However, the Government requests 14 days to hold the bond hearing because of "heavy caseloads and staffing levels." (*Id*.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within the requested 10 days. However, the Court declines to order immediate release or to hold the bond hearing in the district court.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or Federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    ANALYSIS

Petitioner entered the United States without detection in November 2014. (Amended Petition, ECF No. 9.) Immigration and Customs Enforcement ("ICE") arrested him on April 29, 2026, in the interior of the United States. (*Id*.) Since his arrest, Department of Homeland Security ("DHS") has refused to grant his request for a bond hearing, presumably relying on *In the Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

The Central District of California has certified a class of which Petitioner is a member and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025). This Court has previously held in multiple cases that it agrees with the Court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-3322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Duniesky Martinez Zayas v. Adam Gordon*, No. 26-cv-237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Benito Aguilar Trujillo v. Kristin Noem*, No. 26-cv-268-BAS-VET, 2026 WL

26cv3391

266496 (S.D. Cal. Feb. 2, 2026). The Government concedes that Petitioner appears to be a member of the *Maldonado* class and, thus, is entitled to a bond hearing.

For all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition. Although the Government requests that it be given 14 days to hold a bond hearing, it has been aware of the opinion in *Maldonado-Bautista* since November 2025, yet it still requires a habeas petition to enforce the order out of the Central District of California. In addition, this Petition was filed June 4, 2026, so specifically as to this Petitioner, the Government has been aware of the need to provide him a bond hearing since then. Hence, the Government has had plenty of time despite its "heavy caseloads and staffing levels" to schedule a bond hearing. The Petitioner requests 10 days, and the Court finds that is appropriate.

To the extent Petitioner argues he should be released immediately or a bond hearing should be held in district court, the Court finds insufficient evidence that all Immigration Judges' neutrality has been compromised and denies this request.

## III.  CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for David Tejeda Hernandez (A221-486-833) within 10 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a) not § 1225(b)(2). If no bond hearing is held within 10 days, Petitioner is ordered released forthwith.

The Motions to Bar Transfer (ECF No. 2) and to Expedite Consideration (ECF No. 3) are **DENIED** as moot.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: July 7, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv3391